UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

FREDERICKA DAMES, ROBIN CHAVERS,
LULA JOHNSON, CLEDWYN
SEARCHWELL, FARRIS COLEY, GAIL
WILLIAMS, FLO VASQUEZ, VANESSA
WILLIAMS, SHIRLEY SCIPIO, INGER
JUNIOUS, MARY ROBINSON WEBBER,
STEPHANIE GARRISON, ALVIN CARTER and
PHYLLIS WILEY JAMES on behalf of themselves
and others similarly situated,

                11 Civ. 5953 (RPP)

                Plaintiffs,          AMENDED COLLECTIVE
                                          ACTION
   - against -                     COMPLAINT

CITY OF NEW YORK,                  ECF CASE

                Defendant.

-----------------------------------------------------------x

Plaintiffs Fredericka Dames ("Dames"), Robin Chavers ("Chavers"), Lula Johnson ("Johnson"), Cledwyn Searchwell ("Searchwell"), and Farris Coley ("Coley"), on behalf of themselves and others similarly situated, by their undersigned attorneys, Lichten & Bright, P.C., and plaintiffs Gail Williams, Flo Vasquez ("Vasquez"), Vanessa Williams, Shirley Scipio ("Scipio"), Inger Junious ("Junious"), Mary Robinson Webber ("Webber"), Stephanie Garrison ("Garrison"), Alvin Carter ("Carter"), and Phyllis Wiley James ("James"), on behalf of themselves and others similarly situated, by their undersigned attorney, Mary J. O'Connell, General Counsel, District Council 37, AFSCME, AFL-CIO, Steven E. Sykes, of counsel, for their Complaint against defendant City of New York, allege as follows:

## INTRODUCTION

1. This is a collective action for monetary and other relief brought by twelve employees of defendant, on behalf of themselves and other similarly situated present and former employees of defendant, under Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Dames, Chavers, Johnson, and Coley, are employed by defendant in the position of Traffic Enforcement Agent ("TEA"). Searchwell is employed by defendant in the position of Associate Traffic Enforcement Agent ("ATEA"). Gail Williams, Vanessa Williams, Scipio, Junious, and Webber, are employed by defendant in the position of Police Communications Technician ("PCT"). Flo Vasquez is employed by defendant in the position of Supervising Police Communications Technician ("SPCT"). Garrison is employed by defendant in the position of Clerical Associate. Carter is employed by defendant in the position of a Senior Police Administrative Aide ("SPAA"). James is employed by defendant in the position of a Police Administrative Aide ("PAA"). Defendant is an "enterprise engaged in commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. Dames and Chavers have been employed by defendant since June 2, 1986. Johnson has been employed by defendant since July 8, 1991. Coley has been employed by defendant since March 14, 1988. Searchwell has been employed by defendant since November 1989. Gail Williams, Scipio, Vanessa Williams, Junious, and Webber each have been employed by defendant for over ten years. Vasquez, Garrison, and Carter each have been employed by defendant for over 15 years. James has been employed by defendant for over five years. Plaintiffs are "employees" within the meaning of Section 3(e)(2) of the FLSA, 29 U.S.C. § 203(e)(2).

## FACTS RELEVANT TO ALL CLAIMS

6. For at least the last ten years, the schedule of Dames, Chavers, and Johnson has been 6:00 A.M. until 2:00 P.M., Monday through Friday. For approximately the last four years, Coley's schedule has been 6:00 A.M. until 2:00 P.M. For approximately the last year, Searchwell's schedule has been 5:00 A.M. until 1:00 P.M., Monday through Friday. Prior to that, Searchwell's schedule was 6:00 A.M. until 2:00 P.M. The schedule of Gail Williams, Scipio, Vanessa Williams, Junious, and Webber, is 11:00 P.M. until 7:00 A.M. Vasquez's schedule is 10:30 P.M. until 6:30 A.M. Garrison's schedule is 3:00 P.M. until 11:00 P.M.

7. For Dames's hours between 8:00 A.M. and 2:00 P.M., defendant paid her $18.68 per hour. For her hours between 6:00 A.M. and 8:00 A.M., defendant paid Dames $20.55 per hour. Dames's weighted average rate of pay, therefore, was $19.15 per hour.

8. For Chavers's hours between 8:00 A.M. and 2:00 P.M., defendant paid her $18.67 per hour. For her hours between 6:00 A.M. and 8:00 A.M., defendant paid Chavers $20.54 per hour. Chavers's weighted average rate of pay was $19.14 per hour.

9. For Johnson's hours between 8:00 A.M. and 2:00 P.M., defendant paid her $18.64 per hour. For her hours between 6:00 A.M. and 8:00 A.M., defendant paid Johnson $20.50 per hour. Johnson's weighted average rate of pay was $19.11 per hour.

10. When Searchwell worked the 8:00 A.M. to 2:00 P.M. shift, for his hours between 8:00 A.M. and 2:00 P.M., defendant paid Searchwell $24.55 per hour. For his hours between 6:00 A.M. and 8:00 A.M., defendant paid Searchwell $27.01 per hour. Searchwell's weighted average rate of pay was $25.17 per hour.

11. For Coley's hours between 8:00 A.M. and 2:00 P.M., defendant paid him $21.90 per hour. For his hours between 6:00 A.M. and 8:00 A.M., defendant paid Coley $24.09 per hour. Coley's weighted average rate of pay was $22.45 per hour.

12. Defendant paid Gail Williams, Scipio, Vanessa Williams, Junious, and Webber, $26.72 per hour.

13. Defendant paid Vasquez $34.51 per hour.

14. For Garrison's hours between 3:00 P.M. and 8:00 P.M., defendant paid her $19.31 per hour. For her hours between 8:00 P.M. and 11:00 P.M., defendant paid Garrison $21.24.

15. For Carter's hours between 2:00 P.M. and 8:00 P.M., defendant paid him $23.31. For his hours between 8:00 P.M. and 12:00 A.M. defendants paid him $25.64.

16. For James's hours between 4:00 P.M. and 8:00 P.M., defendant paid her $19.31. For her hours between 8:00 P.M. and 12:00 A.M. defendant paid her $21.24.

17. When Dames worked more than 40 hours in a week, defendant paid her $27.99 per hour worked over 40. When Chavers worked more than 40 hours in a week, defendant paid her $27.98 per hour worked over 40. When Johnson worked more than 40 hours in a week, defendant paid her $27.93 per hour worked over 40. When Coley worked more than 40 hours in a week,

defendant paid him $32.85 per hour worked over 40. When Searchwell worked more than 40 hours in a week, defendant paid him $36.79 per hour worked over 40. When Gail Williams, Scipio, Vanessa Williams, Junious, and Webber, worked more than 40 hours in a week, defendant paid them $36.43 per hour worked over 40. When Vasquez worked more than 40 hours in a week, defendant paid her $47.05 per hour worked over 40. When Garrison and James worked more than 40 hours in a week, defendant paid her $28.97 per hour worked over 40. When Carter worked more than 40 hours in a week, defendant paid him $34.96

## FIRST CAUSE OF ACTION

18. Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay plaintiffs at one-and-one-half times their weighted average rate of pay for each hour they worked in excess of 40 during a workweek. Defendant's failure to pay plaintiffs time-and-a-half for their overtime hours worked was willful within the meaning of the FLSA.

19. Plaintiffs bring this action on behalf of a collective of current and former employees of the City of New York who were paid different rates for their regular work hours, and who have not been paid their weighted average rate of pay for each hour they worked in excess of 40 during a workweek.

## TRIAL BY JURY

Plaintiffs request a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1. Order defendant to make a complete accounting to plaintiffs of the hours that each worked on a weekly basis and of all payments each plaintiff received in compensation for the three-year period preceding the commencement of this action;

2. Order defendant to pay to plaintiffs all unpaid wages due and owing because of defendants' failure to compensate plaintiffs at a rate of time and one-half their weighted average rate of compensation for each hour worked in excess of 40 during each workweek;

3. Order defendant to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Order defendant to pay plaintiffs' reasonable attorney fees and costs; and

5. Grant plaintiffs such other and further relief as the Court deems proper and just.

Dated: October 28, 2011

> LICHTEN & BRIGHT, P.C.
> Attorneys for Plaintiffs Fredericka Dames, Robin Chavers, Lula Johnson, Cledwyn Searchwell, and Farris Coley
>
> By: _____
> Stuart Lichten (SL-1258)
> 475 Park Avenue South - 17th Floor
> New York, New York   10016
> (646) 588-4872
>
> MARY J. O'CONNELL (MO-2695)
> General Counsel
> District Council 37, AFSCME, AFL-CIO
>
> By: _____
> Steven E. Sykes (SS-1637)
> Senior Assistant General Counsel
> Attorney for Plaintiffs Gail Williams, Flo Vasquez, Vanessa Williams, Shirley Scipio, Inger Junious, Mary Robinson Webber, Stephanie Garrison, Alvin Carter and Phyllis Wily James
> 125 Barclay Street - Room 510
> New York, New York   10007
> (212) 815-1450